SIGNED.

Dated: January 24, 2012

*James M. Marlar*

**James M. Marlar, Chief Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DEMPSTER JACKSON and MARY JACKSON,<br><br>             Debtors. | Chapter 7<br><br>No. 2:08-bk-14091-JMM<br><br>Adversary No. 2:10-ap-00114-JMM |
| GEM MAINTENANCE, LLC,<br><br>             Plaintiff,<br><br>vs.<br><br>DEMPSTER JACKSON and MARY JACKSON,<br><br>             Defendants. | **MEMORANDUM DECISION** |

Before the court is Plaintiff's motion to amend judgment (ECF No. 47). The parties appeared and argued their positions on January 18, 2012. The court took the request under advisement, in order to more carefully review the law on the points raised.

An adversary complaint was filed on January 19, 2010 against Debtors / Defendants Dempster and Mary Jackson, husband and wife. The complaint sought non-dischargeability of debt, pursuant to §§ 523(a)(2), (4) and (6). Both Defendants answered, on February 22, 2010, and generally denied the complaint's allegations.

On December 8, 2010, a hearing on Plaintiff's summary judgment motion was held. Defendants' counsel failed to appear and argue. The court granted Plaintiffs' motion for summary judgment. A motion by the Defendants to "reconsider" was argued on February 25, 2011, but denied on February 28, 2011.

1    A judgment was entered on March 2, 2011 (ECF No. 38), which held that the Superior

2    Court's judgment in Case No. CV2001-7945 was non-dischargeable.  That state court judgment,

3    however, had been only against Dempster Jackson, and not against Mary, his wife.  (See Ex. 3

4    to ECF No. 21, pleadings in support of motion for summary judgment.)

5          Thus, the bankruptcy court's judgment of non-dischargeability, essentially on collateral

6    estoppel principals, could not and did not expand its reach to include the wife, Mary.  Nor

7    could it on summary judgment, since the Superior Court's judgment (now non-dischargeable)

8    applied by its terms to Dempster only.  As a procedural matter, the summary judgment granted

9    against Dempster was only interlocutory, because the summary judgment which was granted

10   had not disposed of all claims and all parties to the lawsuit.  FED. R. BANKR. P. 7054

11   (incorporating FED. R. CIV. P. 54(b)).

12         But, before Plaintiff's counsel could seek to alter or amend what appeared on its face to

13   be a final judgment, and apply to move forward against the remaining Defendant, Mary

14   Jackson, a notice of appeal was filed by both Dempster and Mary--even though Mary had not

15   had judgment entered against her.

16         By law, once notice of appeal is filed, a trial court loses jurisdiction over the matters on

17   appeal.  In re Bialac, 694 F.2d 625, 627 (9th Cir. 1982).

18         Here, the problem is one of timing.  Had Plaintiff's counsel felt that the court had either

19   erred by not including Mary, or that further proceedings to determine Mary's liability still

20   needed to be presented, Plaintiff's counsel had 14 days from entry of the judgment on the

21   docket to seek such relief by filing a motion to alter or amend the judgment to reflect its proper

22   procedural status.  See FED. R. CIV. P. 59(b).  But Defendants' appeal--taken seven days after

23   judgment--procedurally short-circuited that right of Plaintiff to do so.  Once the trial court lost

24   jurisdiction, it could no longer deal with the case, even though its judgment--which appeared on

25   its face to be final--had failed to dispose of all of the parties and all of the issues in the case, as

26   Rule 54(b) requires.

27         The court's error was thus compounded by the Jacksons' prompt appeal.

28

1    In any event, the Jacksons' appeal was dismissed by the Bankruptcy Appellate Panel on

2    May 13, 2011.  (See ECF No.46).  On May 25, 2011, Plaintiff finally got the opportunity to file

3    a timely motion to amend the judgment, in order to add Mary to the summary judgment, or to

4    proceed to trial against her.

5        As the case has now come full circle, this court recognizes that Plaintiff has not yet had

6    its full day in court as to Defendant Mary Jackson.  While the judgment against Dempster

7    Jackson finishes the case against Dempster, and is the law of the case, Plaintiff still needs to

8    move forward, in some fashion, with its claims for non-dischargeability as against Mary

9    Jackson.  Once those claims are adjudicated, a final judgment can then be entered on all claims

10   and all parties.

11

12                                          **CONCLUSION**

13

14       Plaintiff's motion to alter or amend judgment will be granted, the court finding that the

15   issues asserted against Defendant Mary Jackson remain unresolved.

16       Plaintiff shall have 45 days within which to either seek summary judgment against Mary

17   Jackson, to move to set the case for trial, to dismiss or to file other appropriate pleadings.

18       A separate order will be entered.

19

20       DATED AND SIGNED ABOVE.

21

22   COPIES to be sent by the Bankruptcy Noticing
     Center ("BNC") to all parties to this adversary proceeding

23

24

25

26

27

28